## SCHNEIDER v RAUCH

Ohio Appeals, 1st Dist, Hamilton Co

No 4439. Decided Nov 27, 1933

Charles H. Elston, Cincinnati, for plaintiff in error.

Wm. J. Schick, Cincinnati, and Ray Hicks, Cincinnati, for Martin Rauch, administrator of the estate of Josephine Rauch, deceased.

**OPINION**

By HAMILTON, PJ.

The question is: Was this service made upon the attorney of record in the original case in the Court of Common Pleas sufficient?

Sec 12259, GC, provides for making service in an error proceeding. The pertinent part of the section is as follows:

"Petition and summons in error. The proceedings to obtain such reversal, vacation, or modification shall be by petition in error, filed in a court having power to make the reversal, vacation, or modification, setting forth the errors complained of. Thereupon a summons shall issue and be served or publication made, as in the commencement of an action. **A service on the attorney of record in the original case shall be sufficient."**

In **Akron & Chicago Junction Rd. Co. v Weedman, Executor, 83 Oh St, 88,** the court had §§6713 and 6714 R. S., now §12259, GC, under consideration and held that the counsel authorized to represent the party who prevails in the Court of Common Pleas is empowered to waive summons in error, upon petition in error, and the waiver of counsel was good, even though the prevailing party died before the filing of the petition in error.

It is true that in the Weedman case, the court makes the observation that the fact of such death was not known to the adversary party or counsel. It is claimed in this case that counsel knew of the death of Josephine Rauch at the time he filed the petition in error and caused summons in error to be served upon counsel of record. It will be noted, however, that §12259, GC, makes no exception in the case of death. It provides, as above stated: "A service on the attorney of record in the original case shall be sufficient." This was done in the instant case and the service was good. This disposes of the motion to dismiss for failure to make service.

On the application to amend the petition in error, Railroad Company v Weedman, Executor, supra, is authority for the granting of the application. In the second paragraph of the syllabus in that case it is stated:

"In such case the death of the prevailing party being made known in the Circuit Court, his executor should be made a party defendant by amendment of the proceeding * * *."

The usual method of bringing the administrator into the case would be by an application to substitute the administrator as a party defendant. However, no material difference is presented by granting leave to amend, making the administrator a party, or by substitution. The application to amend the petition in error, by making the administrator a party defendant, is granted.

CUSHING and ROSS, JJ, concur.